UNITED STATES DISTRICT COURT
EASTERN DISTRICT of WASHINGTON

| UNITED STATES of AMERICA, | NO. 2:20-CR-61-RMP-1 |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| JOSE ANTONIO MENDOZA, | |
| Defendant, | |

## I. INTRODUCTION

Jose Antonio Mendoza is charged with Production and Receipt of Child Pornography, 18 U.S.C. §2251(a), (e) (counts 1-3) & §2252A(a)(2)(b)(1) (count 4). Mr. Mendoza is presently in custody[1] awaiting sentencing.

In this case, Mr. Mendoza and the Government have reached a plea agreement[2] whereby Mr. Mendoza will plead guilty to Counts 1 and 3 of the Indictment filed June 2, 2020. The remaining Counts 2 and 4 are to be dismissed. As part of this plea agreement, the Defendant and the Government have agreed to a sentence of 210 months. If the Court passes a greater or lesser sentence, either the Defendant or the Government may withdraw the plea.

---

[1] ECF No. 14 (ordering pretrial detention)
[2] ECF no. 45 (Plea Agreement)

DEFENDANT'S SENTENCING MEMORANDUM – Page 1 of 9

## II. BACKGROUND FACTS

### A. MR. MENDOZA

Mr. Mendoza will turn 33 in late November, 2021. His family immigrated to the United States from Mexico shortly before his birth[3]. Mr. Mendoza grew up in the Eastern Washington area, in Moses Lake, Warden, and Cheney[4]. When Mr. Mendoza was 7, Child Protective Services became involved with his family because his father was sexually abusing his older sister[5]. After this, his father was deported and has not had contact with Mr. Mendoza since[6]. Mr. Mendoza, his seven siblings, and his mother subsisted on State cash assistance, food stamps, and housing assistance[7]. Despite adversity, his mother was able to ensure the family's basic needs were met.

In middle school, Mr. Mendoza began looking at pornography; as technology and accessibility both increased, Mr. Mendoza found himself unable to self-regulate his consumption of pornography[8]. As revealed by the charges and facts of this case, his use continued and Mr. Mendoza began both consuming and creating illicit pornography.

Presently, Mr. Mendoza is married and has a young son, born in May of 2020[9]. He has maintained a relationship with his wife and son while in pretrial detention, but it remains to be seen whether Mr. Mendoza and his wife will remain married[10]. Mr. Mendoza also maintains a close relationship with his siblings[11]. Four of his siblings live in Eastern Washington, in Moses Lake, Yakima, and Spokane; a fifth sibling lives in Washington State in Bellevue[12]. His family

---

[3] Presentence Investigation Report ("PIR"), ECF No. 52 at ¶77-78.
[4] *Id.*
[5] *Id.* at ¶79.
[6] *Id.*
[7] *Id.* at ¶80.
[8] *Id.* at ¶89.
[9] *Id.* at ¶84.
[10] *Id.* at ¶84-85.
[11] *Id.* at ¶81.
[12] *Id.*

will be a source of support to him both during and following incarceration; maintaining this relationship will likely mitigate the risk of recidivism.

**B. PROCEEDINGS**

In December of 2019, the Internet Crimes Against Children Task Force (ICAC) notified the Wenatchee Police Department that Google had identified 172 digital images in a Google Drive account associated with Mr. Mendoza consistent with child pornography[13]. On the basis of this cyber tip, the Chelan County Superior Court issued a search warrant for Mr. Mendoza's residence; upon execution, police seized numerous cell phones, SD cards, and other computing devices[14]. Upon a search of the devices, police discovered thousands of images of child pornography, including photographs and videos of Mr. Mendoza engaged in sexual acts with minor victims[15]. Mr. Mendoza was arrested on Washington State criminal charges and later referred for federal prosecution.

The Government indicted Mr. Mendoza on three counts of Production of Child Pornography, 18 U.S.C. §2251(a), (e); and one count Receipt of Child Pornography, 18 U.S.C. §2252A(a)(2). Neither party brought dispositive motions during the pendency of this case, although the Defense did provide a draft suppression motion to the Government (*see* E.C.F. No. 27 (Unopposed Motion for Continuance) mentioning this draft). The suppression issue is discussed in more detail below.

Based on the exchanges between Counsel for the Defense and Government, the Parties reached a plea agreement in this matter[16]. Pursuant to said Agreement, the Government will move to dismiss counts 2 and 4, leaving Mr. Mendoza charged with two counts of Production of Child

---

[13] *Id.* at ¶9
[14] *Id.* at ¶10, 11, 14.
[15] *Id.* at ¶16 *et seq*.
[16] ECF No. 45

DEFENDANT'S SENTENCING MEMORANDUM – Page 3 of 9

Pornography[17]. The Defense and the Government have agreed to a sentence of 210 months imprisonment[18].

### C. GOVERNMENT'S OBJECTION TO PIR

The Government objected[19] to the Draft PIR[20], stating that an additional two-level increase to the guideline range under USSG §2G2.1(b)(5) should apply; this was corrected in the final PIR[21]. Respectfully, while the Government was correct, the Defense argues that the Court should not take the Government's objection as a reason to deviate from the Plea Agreement. The reason for this is that the familial connection the Government highlights was a well-known issue in this case that already factored into the Plea Agreement. Additionally, the two-level increase changed the total offense level from 42 to 44, which was reduced to the maximum of 43 – i.e. a one-level increase.

### III. ARGUMENT AND FACTS SUPPORTING SENTENCING RECOMMENDATION

Mr. Mendoza respectfully requests that this Court follow the 210-month plea agreement between himself and the Government. Additionally, Mr. Mendoza will, by separate letter, also request that this Court direct that he serve his sentence in Oregon, where he may be close to and thereby better maintain a relationship with his wife and son, as well as his siblings.

There are multiple reasons that the Court should follow this agreement; each are addressed in turn.

---

[17] *Id.* at pg. 7.
[18] *Id.* at pg. 9.
[19] ECF No. 50
[20] ECF No. 49
[21] ECF No. 52

DEFENDANT'S SENTENCING MEMORANDUM – Page 4 of 9

**A. THE COURT HAS BROAD DESCRETION**

Here, the Court has wide latitude. The statutory minimum is 15 years and the guidelines recommendation is 30 years; the Plea Agreement for 210 months is 17.5 years. After *Booker*, the sentencing guidelines are no longer mandatory, but the Court in *Booker* salvaged much of the guidelines by making them advisory. *U.S. v. Booker*, 543 U.S. 220, 244-45, 125 S.Ct. 738 (2005). Sentencing post-*Booker* is subject to reasonableness analysis, which (upon review) accords substantial deference to the Court's sentencing decision, whether or not such decision is within or without the guidelines range.

This reasonableness requirement mandates that the Court must consider the totality of the facts and circumstances. It is rare for a Court to find substantive *un*reasonableness. *See, e.g., U.S. v. Irey*, 612 F.3d 1160 (2010) (noting the 11th Circuit found only four sentences "out of hundreds" from 2005 to 2010 that it reversed for substantive unreasonableness).

In this case, while the sentencing guidelines provide for a higher sentence than the Plea Agreement, the Court is not bound by the guidelines' advice. As applied to sex crimes, the guidelines often amplify an applicable sentence by turning features common in the "heartland" of an offense into aggravating factors that increase the recommended sentence. For example, sexual crimes against children are often committed by a parent, relative, or someone with care, custody, or supervisory control over the victim. Most child pornography cases involve the use of electronic storage devices or the internet.

Finally, one mitigating circumstance in this case that is not contemplated in the guidelines is that the minor victims were not aware of the offenses against them until informed[22]. In fact, Minor 1 and Minor 2 were both "in complete shock and disbelief that their beloved uncle,

---

[22] PIR at ¶27 *et seq*.

"Tony," would commit these crimes against them.[23]" Minor 3, did seem aware, but has also made claims that she was raped by a different man; however, Minor 3 is not one of the victims of the offenses of conviction[24].

These circumstances, along with those identified below in §III.C, are the reasons this Court should follow the Plea Agreement and sentence Mr. Mendoza to 210 months.

**B. DEFENDANT'S LACK OF CRIMINAL PREDISPOSITION**

As noted above, Mr. Mendoza will be 33 in late November of 2021. The crimes noted in the PIR (at ¶19-25) occurred primarily between 2015 and 2017, though some images were created in 2019[25]. Mr. Mendoza was 27 in 2015 and 31 in 2019.

Mr. Mendoza has no prior criminal convictions[26].

**C. BASIS FOR ENTRY OF PLEA AGREEMENT**

The Parties have spent the better part of a year negotiating and communicating to reach the plea agreement in this matter. The agreement is based on two distinct issues, which in in addition to those reasons already discussed, support the agreed recommended sentence of 210 months.

### 1. Motion to Suppress – Tactics Used to Gain PIN Code

The draft Motion to Suppress mentioned in E.C.F. No. 27 was not filed, but a copy of this Motion was provided to the Government. In short, the issue raised therein concerned the circumstances of how the Wenatchee Police obtained Mr. Mendoza's PIN to unlock one of his phones. That search was performed after Mr. Mendoza in custody and he was told that he had to provide law enforcement with his PIN pursuant to the Chelan County Search Warrant. The

---

[23] *Id.*
[24] Id. at ¶32-33.
[25] *PIR.* at ¶19-25
[26] *Id.* at ¶68-73.

search of that phone provided evidence that the State subsequently submitted to the Chelan County Superior Court to greatly expand the scope of the search, which consequently lead to other devices being searched and a broader date range. Had the Motion been granted, it would not have necessarily disposed of this case entirely; however it would have resulted in suppression of a large portion of the Government's evidence and left the and likelihood of conviction far from certain.

### 2. Recent Holdings Preclude Trial as to Count 2 and impacted evidence of Count 1 and 3.

Had this matter proceeded to trial upon the Indictment, one legal issue that would have been raised may have been dispositive of certain conduct. In a recent decision, the Seventh Circuit Court of Appeals held that an adult who films himself masturbating next to a sleeping child does not thereby produce child pornography within the meaning of 18 U.S.C. §2251(a), (e), the same charge in Counts 1-3 here. *United States v. Howard*, 968 F.3d 717 (2020). In short, the reason for this is that the *child* is not engaged in sexually explicit conduct. *Id.* This holding is the basis upon which Count 2 of the Indictment is being dismissed through the Plea Agreement. Further, a similar legal issue exists as to the conduct identified in the Plea Agreement at ¶6.1.a, c; ¶6.3.a (in part), d; and ¶6.4.a. Both sides of this issue have supportable arguments and the Court may or may not have granted a motion to dismiss this Count prior to trial. Because the similar question of sexually explicit conduct is also an element of the offense, the Court may have left this issue to a jury, increasing the uncertainty of the outcome of trial. Again, this would not have disposed of the case entirely, but it would have further limited the evidence upon which the Government could have relied at trial.

### 3. Basis for Plea and Risk of Trial

If this matter proceeded to trial, Mr. Mendoza was confronted with a high risk of conviction as to Counts 3 and 4 as charged in the Indictment. However recent Appellate Court holdings and the coercive tactics employed by law enforcement to attain evidence from Mr. Mendoza's phone would have likely impacted Counts 1 and 2. These issues discussed above are not presented so as to dissuade the Court from following the plea agreement, however, are presented with intent of providing the Court a brief overview of the necessary issues the Parties dealt with as part of the plea negotiation and the basis upon which the agreement was reached.

## IV.     CONCLUSION

Before the Court is a relatively young man who has no prior criminal convictions. While not to diminish the impact to the victims in this matter, it is necessary and reasonable to assert that the impact here was less than those in other matters because each of the victims were asleep at the time of the events alleged and none of the victims were coerced, compelled, or aware of the acts of Mr. Mendoza. This fact separates Mr. Mendoza from other matters that have been scrutinized by the Appellate Courts and supports this Court imparting a sentence as contemplated by the Plea Agreement.

Mr. Mendoza has taken full responsibility for his acts, to include those acts which as discussed herein may not have resulted in a criminal conviction through trial. He has respectfully asked this Court to sentence him to a period of 210 months for these crimes and he will as part of this sentence undergo treatment and better address his deficiencies that have led to this result. He will be supervised for the rest of his natural life, and this coupled with his strong family bonds will likely result in no further criminal convictions in his lifetime. He has a son whom he has never held, which provides his motivation to work to better himself so that his son can know his

father and understand why his father will not be there for most of his childhood. His family has supported him throughout this process and will continue to do so through his incarceration. His wife continues to be a strong force in his life and his rehabilitation.

In closing, Mr. Mendoza has taken full responsibility for his acts. The Parties have reached a Plea Agreement that contemplates questions as to conviction as to all counts contained in the Indictment. This is a joint recommendation, which provides for justice for the victims, an example of deterrent to the community, and both punishment and a path for rehabilitation for Mr. Mendoza. It will be a long path and time; however counsel for Mr. Mendoza is certain that he will be successful in his rehabilitation and will through his future acts atone and amend for these acts to the betterment of himself and his family.

DATED this 11th of October, 2021

/s/ Andrew J. Chase
Andrew J. Chase, WSBA #47529
Attorney for Mr. Mendoza

**Service Certificate:**

I certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Michael Ellis.

/s/ Talia Misner
Talia Misner, Office Manager
Miller & Chase, PLLC