Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
(509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSE ANTONIO MENDOZA,

Defendant.

Case No. 2:20-CR-00061-RMP

GOVERNMENT'S SENTENCING MEMORANDUM

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

## I. BACKGROUND

### A. Procedural History

On June 2, 2020, an Indictment was returned charging the Defendant, Jose Antonio Mendoza, was three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1). *See* ECF No. 1. The three production allegations involved three separate victims. *See id.*

On June 30, 2021, the Defendant entered into a Plea Agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), through which the Defendant pleaded guilty to two

counts of production of child pornography. *See* ECF No. 45. Per the Plea Agreement, the parties jointly agreed to recommend that the Court impose a sentence of 210-months imprisonment. *See id.* at 9. No agreement was made concerning the term of supervised release – the Defendant recognized, however, that the Government intended to recommend a lifetime term. *See id.* at 10. Further, the Defendant acknowledged various financial obligations related to his convictions, including a possible fine, restitution, and several special penalty assessments. *See id.* at 10, 12–15. The Government also agreed to move to dismiss Counts 2 and 4 at the time of sentencing. *See id.* at 7.

**B. Offense Conduct**

The Government agrees with the Offense Conduct summary outlined in paragraphs eight through twenty-six and sixty-six of the Presentence Investigation Report. *See* ECF No. 57 at 5–10, 13. The Defendant, between 2015 and 2019, produced dozens of images and videos depicting sexually explicit conduct involving his three nieces. These included the Defendant masturbating next to the girls while they slept or were otherwise unaware, *see id.* at ¶¶ 22–24, 66, manipulating the sleeping children so that they touched or were posed next to the Defendant's genitalia, *see id.* at ¶¶ 17, 19, 21–25, and, on multiple occasions, ejaculating on the minors. *See id.* at ¶¶ 22, 25; *see also* ECF No. 45 at 4–7.

In addition to the produced images, the Defendant possessed thousands of additional images of child pornography on devices seized by law enforcement. *See* ECF No. 57 at ¶¶ 14–15. The Defendant, in receiving and possessing these images, continued the abuse of the depicted children. Several of the victims depicted in the images possessed by the Defendant have submitted victim impact statements for the Court, in which they describe their ongoing victimization and how the depictions continue to circulate on the Internet, finding their way into the hands of individuals like the Defendant. *See* ECF No. 57-1. While not solely responsible for this

victimization, the Defendant nonetheless bears responsibility for perpetuating the continuing harm suffered by these children.

Finally, the Defendant recorded himself engaging in additional extremely troubling behavior, such as placing children's underwear on his genitalia, *see* ECF No. 57 at ¶ 66, rubbing his genitalia over children's belongings and bedrooms, *see id.* at ¶ 20, and masturbating using children's clothing. *See id.* The Defendant also made several comments indicating a desire to engage in further illicit activity with his minor nieces. *See id.* at ¶ 20 (repeating Minor 1's name while masturbating and thrusting against a mirror); ¶ 24 (mouthing "I want to fuck her" into the camera while gesturing towards a sleeping then-eight-year-old Minor 3).

## II. SENTENCING CALCULATIONS

The Government agrees with the offense level computation outlined in the Presentence Investigation Report. *See id.* at ¶¶ 41–65. Given the nature of the Defendant's conduct, the Defendant is subject to several specific offense characteristics including increases in the offense level for the offense involving (1) minors who, respectively, were fifteen- and between eight- and ten-years old; (2) sexual contact with those minors; and (3) a familial relationship between the Defendant and the minor victims. *See id.* at ¶¶ 42–44, 50–52; USSG § 2G2.1(b)(1), (2), and (5). Given the Defendant's conviction of two counts of Production of Child Pornography, two (2) additional levels are added. *See* ECF No. 57 at ¶¶ 57–60. An additional five (5) levels are added as the Defendant, over the course of abusing his three nieces, engaged in a pattern of activity involving prohibited sexual conduct. *See id.* at ¶ 61. Further, the Government concurs with the Presentence Investigation Report that the Defendant merits a three (3) level reduction under USSG §3E1.1(a) and (b). *See id.* at ¶¶ 62–63. Finally, the Government agrees that the Defendant has zero (0) criminal history points and a resulting Criminal History Category of I. *See id.* at ¶ 73. As such, the Defendant's total, adjusted offense level is forty-three (43) for a guideline sentencing range of 360 to 720 months.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, the Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

A. The nature and circumstances of the offense and the history and characteristics of the Defendant

This offense involves the Defendant's sexual interest in children and his willingness to act upon those desires. As noted above, the Defendant victimized three of his nieces by repeatedly recording himself masturbating and performing other sexually explicit acts near the sleeping children. The recordings included multiple instances of the Defendant both touching the children with his genitalia and ejaculating onto them.

Further, the Defendant separately possessed thousands of images of child pornography. As described above, the Defendant's receipt and possession of these images continued the victimization of the depicted children. Although the Defendant did not create these images, the Defendant's actions perpetuated the lasting harm to these children arising from the never-ending circulation of the depictions.

Finally, many of the Defendant's other recordings raise a great deal of concern about the Defendant's sexual desires targeting children and his willingness to act upon those impulses. The Defendant, in addition to the recordings of Minors 1, 2, and 3, filmed himself masturbating using children's clothing and making statements indicating a desire to engage in sexual intercourse with his minor nieces. These actions and statements demonstrate the danger the Defendant poses to the community and amply justify the recommended 210-month sentence.

B. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment

The Government asks that the Court accept the Plea Agreement and sentence the Defendant to 210-months imprisonment. The recommended sentence is a significant amount of imprisonment, especially for an individual without any criminal

history. However, the Defendant's offenses are extremely serious – the Defendant victimized Minors 1, 2, and 3 over the course of at least four years while simultaneous possessing thousands of images of child pornography. The recommended 210-month sentence is necessary to account for the seriousness of the Defendant's transgressions while protecting the community from future criminal behavior.

The Government also asks the Court to order a lifetime term of supervised release. Several factors support the Government's request. First, upon his release from imprisonment the Defendant will require services to ensure that he does not reoffend. Second, a lifetime term of supervision will allow the Defendant to be monitored, again to ensure his compliance and protect the community from any similar behavior by the Defendant. The Defendant's offense was not a momentary lapse of judgment – the Defendant produced the images and videos over a four-year time frame. A lifetime term of supervised release is therefore appropriate to both monitor the Defendant and protect the community.

C. The need for the sentence imposed to afford adequate deterrence to criminal conduct

The recommended 210-month sentence, following by a lifetime term of supervised release, will provide sufficient deterrence to future criminal conduct.

D. The need for the sentence imposed to protect the public from further crimes of the Defendant

As noted above, the recommended 210-month sentence, followed by a lifetime term of supervised release, will protect the public from future criminal conduct by the Defendant.

E. The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

The sentence recommended by the parties will allow the Defendant to seek treatment should he so desire.

F. The kinds of sentences available

The Defendant is subject to a sentence involving a term of imprisonment. Each offense to which the Defendant pleaded guilty carries a mandatory minimum sentence of fifteen (15) years imprisonment. *See* 18 U.S.C. § 2251(e).

G. The kind of sentence contemplated by the Sentencing Guidelines

The Sentencing Guidelines contemplate a term of imprisonment.

H. Any pertinent policy statements issued by the Sentencing Commission

There are not pertinent policy statements in this case.

I. The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

As noted above, the mandatory minimum sentence for the production of child pornography is fifteen (15) years. *See* 18 U.S.C. § 2251(e). In consideration of the multiple victims associated with the Defendant's conduct, the 210-month sentence recommended by the parties avoids disparities with other defendants convicted of sexually exploiting children.

J. The need to provide restitution to any victims of the offense

As discussed below, the Court must order restitution for the victims of the Defendant's conduct, both per 18 U.S.C. §§ 3663, 2259 and the Plea Agreement. *See* ECF No. 45.

## IV. RESTITUTION, FINES, AND SPECIAL ASSESSMENTS

Pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victim's losses in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim. *See* 18 U.S.C. § 2259(b)(2).

Per the Plea Agreement, the Defendant has agreed to pay restitution under the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018 (hereinafter "AVAA") concerning the victim of Count 3, Minor 3. *See* ECF No. 45 at 12. Further, although it is anticipated that Count 2, under which Minor 2 was a victim, will be

dismissed at sentencing, the Defendant agreed to pay restitution concerning Minor 2. *See id.* at 12–13. Finally, although it is anticipated that Count 4, under which the numerous persons depicted in the child pornography received and possessed by the Defendant were victims, will be dismissed at sentencing, the Defendant agreed to pay restitution "as to all victims of the child pornography possessed by the Defendant detailed in the discovery received through the date of the instant agreement." *See id.* at 13. While Minor 1, the victim under Count 1, is entitled to restitution, *see* 18 U.S.C. § 3663, Minor 1 is not entitled to the minimum $3,000 restitution under the AVAA as the relevant offense dates occurred prior to the AVAA's enactment.

Pursuant to the above and the Plea Agreement, the Government requests that the Court order restitution as described below.

While the Government has not received specific restitution requests on behalf of Minors 1, 2, and 3, the Defendant has stipulated to the minimum AVAA $3,000 of restitution for Minors 2 and 3 in the Plea Agreement. *See* ECF No. 45 at 12–13; *see also* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."). As such, although Minors 2 and 3 have not detailed a specific restitution amount, the Government seeks the minimum of $3,000 for each victim. As the offense dates for the conduct involving Minor 1 predate the AVAA, the Government is unable to request restitution at this time on behalf of Minor 1.

Concerning the series victims depicted in the child pornography received and possessed by the Defendant, the following victims have, through counsel, requested restitution:[1]

1. A victim from the "Angela" series is requesting not less than $12,000 in restitution. Bates R0000001.0001–.0021.

[1] These victims will be referred to by the series name or pseudonym, as referenced by their counsel.

2. A victim from the "aprilblonde" series is requesting not less than $12,000 in restitution. R0000001.0022–.0034.
3. A victim from the "At School" series is requesting $10,000 in restitution. R0000001.0035–.0302.
4. A victim from the "BluesPink1" series is requesting not less than $3,000 in restitution. R0000001.0303–.0543.
5. A victim from the "Cinderblock Blue" series is requesting not less than $3,000 in restitution. R0000001.0544–.0650.
6. A victim from the "Jan_Socks1" series is requesting $10,000 in restitution. R0000001.0651–.0894.
7. A victim from the "Jan_Socks2" series is requesting $7,500 in restitution. R0000001.0651–.0894.
8. A victim from the "Jan_Socks3" series is requesting $7,500 in restitution. R0000001.0651–.0894.
9. A victim from the "Jan_Socks4" series is requesting $7,500 in restitution. R0000001.0651–.0894.
10. A victim from the "Jenny" series is requesting not less than $3,000 in restitution. R0000001.0895–.1020.
11. A victim from the "Marineland1" series is requesting $10,000 in restitution. R0000001.1021–.1323.
12. A victim from the "Sweet Pink Sugar" series is requesting $5,000 in restitution. R0000001.1324–.1373.
13. A victim from the "Sweet White Sugar" series is requesting $5,000 in restitution. R0000001.1374–.1432.
14. A victim from the "Tara" series is requesting $139,301.43 in restitution.[2]

[2] The Government understands this figure to be the entire outstanding amount of restitution requested by the victim from the "Tara" series, as opposed to the portion of that figure attributable to the Defendant. Given the lack of clarity concerning the

Documentation supported these requests is contained at Bates R000001.0001-.1432, which the Government understands will be provided to the Court. If the Government is mistaken, the Government can provide the documentation to the Court that supports the various restitution requests.

Accordingly, the victims of the Defendant's conduct, involving the child pornography produced, received, and possessed by the Defendant, have requested restitution totaling $104,500. Pursuant to the AVAA, the Government asks that the Court order restitution on behalf of the above victims as requested. At a minimum, the Court must order restitution of not less than $3,000 per victim under the AVAA.[3]

As the Government is asking that the Court order a substantial amount of restitution, the Government does not request that the Court impose any fines or special penalty assessments in excess of the mandatory $100 per count of conviction.

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed above, the Government recommends that the Court impose a 210-month sentence followed by a lifetime term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 57 at 25–29. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a). The Government also asks for restitution on behalf of the victims, in the total amount of $104,500.

Dated: October 12, 2021.

Vanessa R. Waldref
United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

---

portion attributable to the Defendant, the Government requests that the Court order the minimum $3,000 AVAA restitution concerning the victim from the "Tara" series.

[3] While the Government urges the Court to order restitution as requested by the victims, should the Court only order the minimum $3,000 AVAA restitution award per victim the total amount of restitution would be $48,000.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Andrew J. Chase; Kenneth J. Miller

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney